# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **SHEILA MATERNE RICHARD**<br>    **FED. REG. #13173-035**<br>**VS.** | **CIVIL ACTION 09-0045**<br><br>**SECTION P**<br>**JUDGE MELANÇON** |
| **WARDEN GINNY VAN BUREN** | **MAGISTRATE JUDGE METHVIN** |

**and**

| | |
|---|---|
| **SHEILA MATERNE RICHARD**<br>    **FED. REG. #13173-035**<br>**VS.** | **CIVIL ACTION 09-0047**<br><br>**SECTION P**<br>**JUDGE DOHERTY** |
| **WARDEN GINNY VAN BUREN** | **MAGISTRATE JUDGE HILL** |

# MEMORANDUM ORDER

On January 12, 2009, attorney Pride J. Doran of Opelousas, Louisiana, filed petitions for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on behalf of petitioner Sheila Materne Richard.  Richard is an inmate in the custody of the Federal Bureau of Prisons (BOP).  When the petitions were filed, she was incarcerated at the Federal Medical Center (FMCC), Carswell, Texas and the petitions named FMCC's warden Ginny Van Buren as respondent.[1]  These petitions attack Richard's August 14, 2007 convictions on drug-related offenses in the Lake Charles Division of this court.  This matter has been referred to the undersigned for review, report, and

---

[1] According to the Federal Bureau of Prisons Inmate Locator service, Ms. Richard, as of February 2, 2009, was "in transit." See Federal Bureau of Prisons, Inmate Locator, at
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=SH
EILA&Middle=&LastName=RICHARD&Race=U&Sex=U&Age=&x=99&y=12

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

Richard and others were charged with various drug-related offenses. On August 14, 2007, Richard pled guilty to conspiracy to possess with intent to distribute methamphetamine (21 U.S.C. §846) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §924(c)(1)). [See *United States v. Sheila Materne Richard*, No. 2:06-cr-20027-002 at rec. docs. 177-178.] On December 7, 2007, Richard was sentenced to serve consecutive sentences of 120 and 60 months followed by concurrent terms of supervised release totaling five years. [*Id*., rec. docs. 207, 215] Richard did not appeal; nor did she file a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. [2:09-cv-0045 at rec. doc. 1, ¶8, 10, 14; 2:09-cv-0047 at rec. doc. 1, ¶8**,** 10, 14**]**

Instead, through counsel, she filed the instant pleadings each of which was entitled "Petition for Writ of *Habeas Corpus* Under 28 U.S.C. §2241 By a Person in Federal Custody." Both petitions argue two claims for relief:

> I. Sheila Materne Richard's conviction was obtained in violation of her federal Constitutional rights, in that it was contrary to the law and evidence. The Stipulated Factual Basis used to support Ms. Richard's plea does not describe conduct containing the elements of the offenses to which she pled. Therefore, the conviction was obtained in violation of her Constitutional right to due process of law.
>
> II. To the extent that Ms. Richard's attorney failed to adequately ensure that she was intelligently admitting to the charges against her, with real notice of the true nature of those charges, she did not receive the effective assistance of counsel required by the United States Constitution. [2:09-cv-0045 at rec. doc. 1-3, ¶ III; 2:09-cv-0047 at rec. doc. 1-3, ¶III]

In both actions, Richard requests that the judgment of conviction and sentence be vacated and set aside. [2:09-cv-0045 at rec. doc. 1-3, ¶VI and 10; 2:09-cv-0047 at rec. doc. 1-3, ¶VI]

*Law and Analysis*

### 1. Consolidation

Counsel filed separate petitions attacking Ms. Richard's two convictions. In the first paragraph of the petition docketed as 2:09-cv-0045 counsel refers to Richard's conviction for conspiracy to possess with intent to distribute methamphetamine; in the first paragraph of the petition docketed as 2:09-cv-0047, counsel refers to the firearm conviction. Otherwise, the respondent, the claims alleged, and the relief sought, are identical. These petitions have been assigned different docket numbers and have been assigned to different divisions of the Court, however, since the claims , the respondent, and the relief sought in both of these complaints is identical, it is appropriate to consolidate the actions.

### 2. Habeas Corpus

Petitioner seeks to collaterally attack her convictions claiming violations of her Constitutional guarantees to due process and effective assistance of counsel. A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. 28 U.S.C. § 2255. Relief under §2255 is warranted for any error that "occurred at or prior to sentencing." *United States v. Flores*, 616 F.2d 840, 842 (5th Cir.1980) (citation omitted); *Cox v. Warden, Fed'l Detention Ctr.*, 911 F.2d 1111, 1114 (5th Cir.1990). In other words, petitioner's due process and ineffective assistance of counsel claims are more appropriately raised in a §2255 Motion to Vacate filed in the court "... which imposed

the sentence." 28 U.S.C. §2255(a). Petitioner was sentenced by United States District Judge Patricia Minaldi. See *United States v. Richard*, No. 2:06-cr-20027.

Petitioner's attorney, however, invoked the provisions of 28 U.S.C. §2241 when filing these petitions. Title 28 U.S.C. § 2241 provides the appropriate vehicle for a prisoner to attack "the manner in which a sentence is carried out or the prison authorities' determination of its duration, and [the petition] must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (citations omitted).[2] When these petitions were filed, petitioner was confined at FMCC and FMCC's warden  –  Ginny Van Buren – was identified as the respondent. Counsel has specified that the claims are submitted pursuant to 28 U.S.C. §2241 and since these claims are advanced by counsel and are not *pro se* claims, the undersigned is under no obligation to afford them a liberal construction. Nevertheless, dismissal of these petitions would probably result in the forfeiture of petitioner's right to seek collateral review in the future since the period of limitations established by 28 U.S.C. §2255(f) would probably expire before counsel could re-file these pleadings.

The Court  must notify a litigant who has not previously filed a motion to vacate that "it intends to recharacterize [his] pleading, warn the litigant that this recharacterization means that

---

[2] Federal prisoners may also employ §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). Petitions invoking the "savings clause" must also be filed in the district of confinement. Thus, even if counsel intended to invoke the "savings clause," these petitions would be subject to dismissal since this Court does not have jurisdiction over the petitioner's custodian.

any subsequent § 2255 motion will be subject to the restrictions on 'second or successive'

motions, and provide the litigant with an opportunity to withdraw the motion or to amend it so

that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375,

383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

Therefore, considering the foregoing,

**IT IS ORDERED** that the Clerk of Court consolidate these cases as provided by LR

10.2W; and,

**IT IS FURTHER ORDERED** that the consolidated action be construed as a Motion to

Vacate filed pursuant to 28 U.S.C. §2255 and assigned to United States District Judge Patricia

Minaldi and United States Magistrate Judge Kathleen Kay[3] for further proceedings.[4]

Signed at Lafayette, Louisiana, on February 3, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[3] See *United States v. Richard*, 2:06-cr-20027 at rec. doc. 219.

[4] To the extent that counsel or petitioner object to the recharacterization of these petitions, such fact should be communicated to the Court within 10 days of this order.